ALBANY,
Jan. 1815.

TAPPEN
v.
KAIN.

## TAPPEN *against* KAIN AND ANOTHER, *Executors of* RHEA.

Pursuant to an order of the surrogate, for that purpose, the *whole* real estate of R. was sold by his executors; and at the auction A. bid off the estate, for the executors, at 25 dollars; and the executors executed a deed to A., who reconveyed the estate to the executors, who, afterwards, sold the same for 2,500 dollars, but no sale-money was paid into the office of the surrogate.

K. recovered a judgment against the executors of R., for 129 dollars and 17 cents, who pleaded *plene administravit.* It appeared that, at the time of the judgment, the executors had administered *assets* to the amount of 2000 dollars, and that the *inventory* amounted to 381 dollars and 37 cents: On a *scire facias* to revive the judgment against the executors of R., the above facts being admitted, it was held, that though the executors were

THIS was a *scire facias* on a judgment, obtained in 1809, by the plaintiff, against the defendants, on a report of referees in the cause, for 129 dollars and 17 cents. The defendants pleaded *plene administravit.* At the last *Ulster* circuit a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case :

The *whole real* estate of *David Rhea*, the testator, was sold by his executors, pursuant to an order of the surrogate, *Robert Rhea*, a brother of *Stephen Rhea*, one of the executors, bid off the estate, at the sale, for the executors, at 25 dollars. The sale, under the order of the surrogate, was admitted to be regular. The executors gave a deed to *Robert Rhea*, and he reconveyed to them. The executors, afterwards, sold the same premises for 2,500 dollars. No money arising from the sale was ever brought into the office of the surrogate. The whole amount of *assets* administered by the executors, at the time of the report of the referees abovementioned, was admitted, *pro hac vice*, to be 2,000 dollars. The amount of the *inventory* was 381 dollars and 37 cents.

It was agreed, that if the plaintiff was entitled to judgment, the court should determine the amount of such judgment. But if the court should be of opinion that the defendants were not liable, or had maintained their plea, then a nonsuit was to be entered.

The case was submitted to the court, without argument.

PLATT, J. delivered the opinion of the court.

There can be no doubt but that the executors are responsible for the *whole avails* of the lands sold by them, to wit, 2,500 dollars; but by the twenty-second section of the " act relative to the court of probates," &c. (1 *K. & R.* 304. 1 *N. R. L.* 452.) liable for the whole proceeds of the estate sold, being 2,500 dollars, yet, that under the act, (1 *N. R. L.* 452. sess. 36. c. 79. s. 26.) they were not responsible immediately to the *creditors* of the testator, but to the *surrogate*, as *trustees* commissioned by him to sell ; and that when the *whole* real estate is sold by order of the surrogate, the money paid in to his office becomes *equitable* assets, and is to be distributed *pari passu*, and not according to the rule of common law.

The truth or falsehood of the plea of *plene administravit* is to be determined by reference to the *inventory* only.

it is enacted, " that the avails of such sale, where the order is to sell '*part of the real estate only*,' shall be considered *assets* in the hands of the executors or administrators for the payment of debts." " But where the *whole real estate* is ordered to be sold, the moneys arising therefrom shall be brought into the court of probates, or office of the surrogate," &c. ; and there distribution, after public notice, is to be made according to the rule of *equitable assets ;* that is, among all the creditors, *pari passu*, without regard to *grades*, &c.

It appears to me, that, under this statute, the executors are not responsible, at law, immediately to the creditors, where the *whole real estate* is sold ; and the truth or falsity of the plea of *plene administravit* must be determined upon reference to the amount of the *inventory only.* That was 381 dollars and 37 cents, and it is admitted that the executors have duly paid debts to the amount of 2,000 dollars; and, therefore, the plea is true. *Qua* executors, they have fully administered. Under the statute, they are trustees, immediately responsible to the surrogate, who commissioned them to sell the real estate ; and when the avails are paid to the surrogate, a different rule of distribution prevails from that which governs executors and administrators at common law.

For aught that appears, the executors in this case may have sold the lands on credit, as they are authorized to do by statute, and therefore have not paid over the avails to the surrogate.

Judgment of nonsuit must be entered.

Judgment of nonsuit.